# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:06CV336
## (1:02CR105-6)

| | |
|---|---|
| **ANTHONY ALLEN LEMAY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on several motions filed by the Petitioner which are addressed *infra*.

On February 21, 2003, the undersigned presided at a hearing in the criminal proceeding to consider whether the Petitioner's attorney should be allowed to withdraw. The Petitioner requests a copy of the electronic sound recording from that hearing. On that same date, the undersigned denied the motion for leave to withdraw. **See Order, filed February 21, 2003.** The Petitioner has not provided an adequate reason for the reproduction of the hearing. A defendant may not obtain transcripts of proceedings in his case unless this Court "certifies that the suit or appeal is

not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." **28 U.S.C. § 753(f).** Such is not the case here. Federal inmates are not entitled to transcripts at Government expense for collateral attacks on their convictions absent some showing of a particularized need. ***United States v. MacCollom*, 426 U.S. 317, 326-27 (1976); *Miller v. Smith*, 99 F.3d 120, 125 n.5 (4th Cir. 1996); *United States v. Davis*, 972 F.2d 342 (table), 1992 WL 180109 (4th Cir. 1992).** "An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw." ***Jones v. Virginia State Farm*, 460 F.2d 150, 152 (4th Cir. 1972).**

Next, the Petitioner asks that he be evaluated to determine his mental condition at the time (1) of the offense; (2) of the Rule 11 hearing when he entered his guilty plea; (3) of absconding from supervision; and (4) of sentencing. The Court finds this request frivolous.

The remaining four motions deal with the Petitioner's desire for discovery and an evidentiary hearing at which time he would like to testify. The Court has conducted a preliminary review of the Petitioner's motion filed pursuant to 28 U.S.C. § 2255 and finds that it is unnecessary to

expand the record, engage in discovery or conduct an evidentiary hearing. **Rules Governing Section 2255 Proceedings, Rules 6, 7 and 8.**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motions for a copy of the recording of a hearing, for a mental competency evaluation, for a hearing, for discovery, for a writ *ad testificandum* and to calendar the matter for a hearing are hereby **DENIED**.

Signed: December 28, 2006

Lacy H. Thornburg
United States District Judge