# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:06CV336
## (1:02CR105-6)

| | |
|---|---|
| **ANTHONY ALLEN LEMAY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Strike Affidavit Supporting Motion for Summary Judgment by Respondent. [Doc. 30]. Petitioner is seeking to strike Exhibit #13, Affidavit of Reid G. Brown, of Respondent's Motion for Summary Judgment.

## RELEVANT PROCEDURAL HISTORY

On October 2, 2006, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Respondent filed a Response and a Motion for Summary Judgment on April 30, 2007. Attached were numerous exhibits, including a statement from Reid G. Brown, Petitioners' trial attorney (Exhibit 13). [Docs. 25-26].

On September 10, 2007, Petitioner filed the instant motion seeking to strike Exhibit #13 [Doc.25-14], on the grounds that it cannot be used to support a summary judgment motion under Federal Rule of Civil Procedure 56(e) or 28 U.S.C. §1746. Respondent did not file a response to Petitioner's Motion.

## LEGAL STANDARDS

Rule 12 of the Rules Governing § 2255 Proceedings for the United States District Courts states that, "[t]he Federal Rules of Civil Procedure ..., to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." The Federal Rules of Civil Procedure allow a defending party, in this case the United States of America, to move for summary judgment on all or part of the claims raised in a § 2255 motion. See Fed. R. Civ. P. 56(b) (as amended March 26, 2009, eff. until Dec. 1, 2010). A motion for summary judgment may be made with or without supporting affidavits. See id.

If a party chooses to support its summary judgment motion with an affidavit, the affidavit must be sworn before someone authorized to administer the oath. See e.g., Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) ("[A]n affidavit, by definition, is a 'statement reduced to

2

writing and the truth of which is sworn to before someone who is authorized to administer an oath.'") (citation omitted); Peters v. Lincoln Elec. Co., 285 F.3d 456 (6th Cir. 2002) ("[A]n 'affidavit' is required to be sworn to by the affiant in front of an 'officer authorized to administer oaths[.]'") (citation omitted). Alternatively, federal law provides that if the declaration is not sworn before an official authorized to administer an oath, it may nevertheless be admissible to support a summary judgment motion if made under penalty of perjury. See 28 U.S.C. § 1746(2) (allowing for unsworn declarations to support any matter that legally permits an affidavit to support it provided the declarations comport to the following form: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."). Consequently, an unsworn statement is admissible to support a summary judgment motion only if it is made under penalty of perjury. See Elder-Keep, 460 F.3d at 984; Bonds v. Cox, 20 F.3d 697, 702 (6th Cir. 1994); Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988); see also Network Computing Services Corp. v. Cisco Systems, 152 F. App'x 317, 321 (4th Cir. 2005) (striking unsworn letter attached to summary judgment motion because it did not meet the requirements of 28 U.S.C. §1746(2)).

## DISCUSSION

Exhibit 13 of Respondent's summary judgment motion is a declaration of facts by Reid G. Brown, Petitioner's trial attorney. Although it is titled "Affidavit," there is no indication that it was sworn before a notary or any other official authorized to administer the oath. Furthermore, it fails to comport with the requirements of § 1746 in that Mr. Reid did not certify that the declaration is true by stating that it is "under penalty of perjury" or using other language "substantially ... [similar in] form." Network Computing Services Corp., 152 F. App'x. at 321; 28 U.S.C. § 1746. Therefore, it may not be used as evidence to support Respondent' summary judgment motion. See Elder-Keep, 460 F.3d at 984; Nissho-Iwai Am. Corp., 845 F.2d at 1306 (5th Cir. 1988).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Strike Affidavit Supporting Motion for Summary Judgment by Respondent [Doc. 30] is **GRANTED** and Exhibit #13 [Doc.25-14] is hereby stricken.

Signed: September 6, 2010

Martin Reidinger
United States District Judge